# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **CHASE HUNTER BRADFORD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | 7:21-cv-00129-LSC |
| ) | |
| **SOCIAL SECURITY** ) | |
| **ADMINISTRATION,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OF OPINION

### I.  Introduction

The Plaintiff, Chase Hunter Bradford ("Bradford" or "Plaintiff"), appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI"). Bradford timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Bradford was 32 years old at the time of his SSI application, and he attended school through the eighth grade. (*See* Tr. 119, 135, 140.) He has never worked. (Tr. 139.) Plaintiff claims that he became disabled on May 10, 2019. (Tr. 135.)

1

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for SSI. See 20 C.F.R. §§ 404.1520, 416.920; see also *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *Id.* The decision depends on the medical evidence contained in the record. See *Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial evidence in the record" adequately supported the finding that the plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. *Id*.

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. See *id*. §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. See *id*, §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent her from performing his past relevant work, the evaluator will make a finding of not disabled. *Id*.

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *Id*. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id*.; see also 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work

the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the Administrative Law Judge ("ALJ") found that Plaintiff has not engaged in SGA since May 10, 2019, the alleged date of the onset of his disability. (Tr. 17.) According to the ALJ, Plaintiff's anxiety with agoraphobia and depression are "severe impairments." (Tr. 17.) However, the ALJ found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18.) Furthermore, Plaintiff's non-severe impairments of hypertension and obesity did not impose substantial limitations on the Plaintiff because they did not cause more than minimal functional limitations and did not significantly aggravate his other impairments. (*Id.*) The ALJ determined that Plaintiff has the following RFC:

> [T]o perform a full range of work at all exertional levels but with the following non-exertional limitations: can perform simple goal oriented tasks; no production rate pace/fast paced daily quotas; can perform tasks that are more individualized in nature rather than requiring teamwork/collaborative effort; can understand and follow simple routine rote instructions; can make simple routine decisions; can have work related conduct as follows: occasional contact with supervisors and coworkers, but no contact with the public; and can tolerate occasional changes to the work place setting.

(Tr. at 19-20) (footnote omitted).

The ALJ determined that Plaintiff had no past relevant work, is a "younger individual age 18-49" at 32 years old, has a limited education, and is able to speak English, as those terms are defined by the regulations. (Tr. 22-23.) The ALJ determined that the "[t]ransferability of job skills is not an issue because the claimant does not have past relevant work." (Tr. 23.) Because Plaintiff has non-exertional limitations, the ALJ enlisted a vocational expert ("VE") and used Medical-Vocational Rules as a guideline for finding that there are jobs in the national economy with a significant number of positions that Plaintiff is capable of performing, such as a dishwasher, industrial cleaner, and cleaner at a hospital. (Tr. 23-24.) The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, since May 10, 2019, the date the application was filed." (Tr. 24.)

## II.   Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the commissioner, and (2) whether the correct legal standards were applied. See *Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference

to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. See *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520. 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir.

1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1989)).

### III.   Discussion

Plaintiff argues that the ALJ's decision should be reversed and remanded for three reasons: (1) the ALJ committed error by improperly substituting his own lay opinion for that of the treating physician, (2) the ALJ committed error by failing to develop the record fully and fairly, and (3) the ALJ committed error by improperly rejecting the plaintiff's testimony concerning his subjective symptoms. (Doc. 12 at 8.) For the reasons set forth below, the Court finds that the ALJ failed to fully and fairly develop the record, and Plaintiff's claim is due to be remanded.

New regulations, which govern this case, came into effect in 2017 and provide revised instructions to the ALJ for evaluating medical opinions. For claims filed after March 27, 2017, 20 C.F.R. §§ 404.1520c and 416.920c declare that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." Instead, the ALJ will consider supportability, consistency, relationship with the claimant, length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, examining relationship

7

specialization, and other factors in evaluating medical opinions and prior administrative medical findings, with the most important factors being supportability and consistency. 20 C.F.R. §§ 404.1520c, 416.920c. While the ALJ must explain the role of the supportability and consistency factors[1] in evaluating the opinion of a medical source or administrative medical finding, he is not required to do the same for the other factors. *Id.* In responding to comments to these changes when proposed, the Social Security Administration explained,

> The supportability and consistency factors provide a more balanced and objective framework for considering medical opinions than focusing upon the factors of consistency and the medical source's relationship with the individual. A medical opinion without supporting evidence, or one that is inconsistent with evidence from other sources, will not be persuasive regardless of who made the medical opinion.

Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01 (Jan. 18, 2017).

In contrast, 20 C.F.R. §§ 404.1527 and 416.927, the regulations that govern for claims filed before March 27, 2017, prioritize the treatment relationship, giving more weight to a treating source's medical opinion. Indeed, if the ALJ "find[s] that

---

[1] In reference to the "supportability" factor, 20 C.F.R. §§ 404.1520c, 416.920c state, "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." The regulations also explain the "consistency" factor: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.*

a treating source's medical opinion on the issue(s) of the nature and severity of [Plaintiff's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the ALJ] will give it controlling weight." 20 C.F.R. §§ 404.1527, 416.927.

Plaintiff argues that the old rules apply to this case because the new rules do not supersede Eleventh Circuit precedent to give more weight to the opinions of treating physicians absent good cause not to do so. (Doc. 16 at 2.) Plaintiff cites *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) for the proposition that the "good cause" requirement stems from the courts and not the Commissioner as the courts implemented this rule several years before the Commissioner adopted the earlier regulations. (Doc. 16 at 2.) The Eleventh Circuit, however, has rejected that approach by explaining that the new regulation fell with the express authority that Congress delegated to the Commissioner. *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 898 (11th Cir. 2022). "That our precedents came before the Commissioner's regulations does not change our analysis." *Id.* Ultimately, the court concluded, "A court's prior judicial construction of a statute trumps an agency construction otherwise entitled to *Chevron* deference only if the prior court decision holds that its construction follows from the unambiguous terms of the statute and

9

thus leaves no room for agency discretion." *Id.* (quoting *Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982 (2005)). Because the Court determined that the treating-physician rule was not unambiguously required by the terms of the statute, the Commissioner's regulations superseded prior precedent. *Id.* at 897-98.

The only medical opinion the ALJ considered was offered by Stuart Tieszen, M.D. (Tr. 21.) The ALJ's explanation for rejecting Dr. Tieszen's opinion states that

> the severe symptoms described are not supported by the doctor's records, which only date back to August 2017, nor is the doctor's opinion supported by the sparse treatment notes and mental examination findings which confirm the claimant to be cooperative, engaging, well groomed, alert and oriented, with intact memory, poor to good concentration, good insight and judgment, and mood congruent affect.

(Tr. 22.) With this explanation, the ALJ evaluated the supportability of Dr. Tieszen's opinion as required by 20 C.F.R. §§ 404.1520c, 416.920c. However, as the Commissioner concedes, "[t]he ALJ could not make a 'consistency' finding because the record contains no evidence from other medical sources or nonmedical sources." (Doc. 15 at 15 n.14.)

Plaintiff cites *Carril v. Barnhart*, 201 F. Supp. 2d 1190, 1192 (N.D. Ala. 2002), for the proposition that "[i]f the Administrative Law Judge was in doubt as to the validity of [Plaintiff's impairments], he should have sought clarification of the test

10

results or ordered additional testing.". (Doc. 12 at 15.) However, an ALJ does not have to order a consultative examination as long as the record contains sufficient evidence to make an informed decision. *Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001) ("The regulations 'normally require' a consultative examination only when necessary information is not in the record and cannot be obtained from the claimant's treating medical sources or other medical sources.") (citing 20 C.F.R. § 404.1519a(b)).

In all Social Security Disability cases, the plaintiff bears the ultimate burden of proving disability and is responsible for furnishing or identifying medical and other evidence regarding his impairments. *Doughty*, 245 F.3d. at 1280; 42 U.S.C. § 423(d)(5)(A). Furthermore, "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." See *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). However, the ALJ is "tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Washington v. Comm'r of Social Sec.*, 906 F.3d 1353, 1356 (11th Cir. 2018).

Plaintiff states that the ALJ "did nothing to ascertain the truth of the severity of Mr. Bradford's agoraphobia" but instead "simply determined that he did not believe the claimant and did not believe the unrefuted statement from Mr.

11

Bradford's psychiatrist, and made up Mr. Bradford's RFC out of whole cloth." (Doc. 12 at 16.)

Before remanding for further development of the record, a reviewing court must consider "whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982) (quoting *Ware v. Schweiker*, 651 F.2d 408, 413 (5th Cir. 1981)). "[A]lthough the ALJ has a duty to develop a full and fair record, there must be a showing of prejudice before [a reviewing court] will remand for further development of the record." *Robinson v. Astrue*, 365 Fed. App'x 993, 995 (11th Cir. 2010) (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995)). Plaintiff has provided evidence in the form of Dr. Tieszen's opinion describing his condition as "catastrophic" and indicating that SSRIs are not effective in treating him. (Tr. 195, 207.) Furthermore, Dr. Tieszen assessed Plaintiff's symptoms as "so severe that he is unable to finish school, provide for himself, [or] live independently." (*Id.*)

The ALJ rejected Dr. Tieszen's opinion as unpersuasive without being able to consider the required "consistency" factor. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). (Tr. 22.) The Commissioner argues that this issue was one of Plaintiff's own creation for failing to cooperate with the state agency's request for documents. (Doc. 15 at 18-19.) The Commissioner cites the court's reasoning in

12

*Brown v. Colvin*, No. 4:14-CV-1916-VEH, 2015 WL 2381077, at *7 (N.D. Ala. May 19, 2015), "[O]nce a plaintiff[] fails to cooperate in obtaining evidence, the Commissioner may make a decision based on the evidence in the record." The Commission also points to *Karr v. Astrue*, No. 7:12-CV-00899-KOB, 2013 WL 5350688, at *11 (N.D. Ala. Sept. 23, 2013) and the court's explanation that "failure to cooperate at some point in the determination process is grounds for denial."

Plaintiff counters that this argument fails for two reasons. (Doc. 16 at 7-8.) First because the ALJ did not list it as a reason for his decision, such a post hoc justification cannot be considered by this Court. (*Id.*) "It is a 'foundational principle of administrative law' that judicial review of agency action is limited to 'the grounds that the agency invoked when it took the action.'" *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1907 (2020) (quoting *Michigan v. EPA*, 576 U.S. 743, 750 (2015)). Second, Plaintiff argues that the ALJ's duty to fully and fairly develop the record required him to investigate issues not earlier addressed in the initial stages once Plaintiff's claim reached the hearing stage. (Doc. 16 at 8-9.) Plaintiff highlights the "independent, affirmative obligation on the part of the ALJ to undertake a meaningful investigatory effort." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364 (11th Cir. 2018).

The Court agrees with the Plaintiff. Mr. Bradford presented evidence in the form of the opinion of Dr. Tieszen. The ALJ rejected that opinion without fully and fairly investigating Plaintiff's claim by seeking further evidence to analyze the "consistency" factor as required by 20 C.F.R. §§ 404.1527 and 416.927. The ALJ committed error by failing to fully and fairly develop the record, and Plaintiff's claim is due to be remanded. Because the ALJ failed in this respect, the Court need not decide whether the ALJ improperly substituted his opinion for that of Dr. Tieszen's or committed error by rejecting Plaintiff's testimony about his subjective symptoms.

## IV. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and briefs of the parties, the decision of the Commissioner of Social Security denying Plaintiff's claims for SSI is REVERSED and REMANDED for further administrative proceedings consistent with this opinion. A separate closing order will be entered.

**DONE** AND **ORDERED** ON AUGUST 1, 2022.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
206728